WALLIS vs. WHITE, imp.

*April 13 — May 31, 1883.*

EVIDENCE.  *(1) When affidavit denying signature may be filed.  (2) Competency of witness as to reputation.*

1. The statute (R. S., sec. 4192) dispenses with proof of the signature to a written instrument until the person by whom it purports to have been signed shall specifically deny the signature of the same by his oath or affidavit or by his pleading duly verified.  When the denial is by affidavit it need not be filed within the usual time for

pleading, but may, in the discretion of the court, be filed at the trial.

2. A witness may be competent to testify to the reputation for truth and veracity of another witness although he does not reside in his immediate neighborhood.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to enforce a lien upon buildings of the defendant for the price of lightning rods alleged to have been placed thereon by the plaintiff in pursuance of a written contract between the parties. The answer denied that the parties entered into such contract or that the defendant in pursuance of any contract erected any lightning rods upon the defendant's buildings. Other facts are stated in the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

*A. C. Fraser,* for the appellant, to the point that the means and extent of a witness's knowledge go to his credibility but not to his competency, cited: *Sleeper v. Van Middlesworth,* 4 Denio, 433; *Bates v. Barber,* 4 Cush., 108; *Wetherbee v. Norris,* 103 Mass., 565; 1 Greenl. on Ev., sec. 461.

*A. G. Weissert,* for the respondent, argued, *inter alia,* that the specific denial of the signature of a written instrument, under sec. 4192, R. S., whether made by oath or affidavit, must be made, at the latest, at the time of serving the pleading, citing: *Smith v. Ehnert,* 47 Wis., 482; *Ela v. Sprague,* 3 Pin., 323.

COLE, C. J. In order to make out his cause of action the plaintiff offered in evidence the contract counted on in the complaint, which was objected to, but the objection was overruled, and the instrument was admitted in evidence. This ruling is claimed to be erroneous. The objection to the admission of the contract in evidence is founded on the ground that it was first necessary to prove its signature or execution by the defendant before it was admissible. But

this was a mistake. The pleadings were not verified, and at this stage of the cause the defendant had not denied, under oath, that he signed the instrument. When the plaintiff rested, the defendant was sworn in his own behalf. Among other things he was asked if he ever signed the contract sued on. This question was objected to and excluded. The defendant then asked leave of the court to file an affidavit denying his signature of the contract. The learned circuit court said in reply to this that the affidavit might be filed as an application in the case, but it could not be regarded as an affidavit within the usual time of pleading. As we understand this ruling — and as the subsequent history of the trial shows — the circuit court absolutely refused to allow the defendant's affidavit, denying his signature of the contract, to be filed, because it was not made and served within the usual time of pleading; therefore, it was not a compliance with sec. 4192, R. S. This seems to have been the sole ground for refusing to grant the application. The learned circuit judge did not exercise his discretion in the matter and refuse to allow the affidavit to be filed at that stage of the action because it would work an injury to the plaintiff or would not be in furtherance of justice; for, in the view the circuit judge took of the statute, he had no power to allow the application, holding, as he did, that the affidavit denying the signature must be filed within the usual time for pleading. But this was a mistaken view of the statute. That the circuit judge had the undoubted power to allow the affidavit to be filed, even at that stage of the action, so as to raise the issue whether the defendant had or had not signed the contract sued on, seems to us plain. Had the circuit judge exercised his discretion as to allowing the affidavit to be filed, this court could only consider whether there was such an abuse in the exercise of that discretion as would justify it in overruling his decision. But as the case now stands, the simple question presented is

whether the circuit judge was right in his construction of the statute. Upon that point we have already indicated the opinion that he was not. The statute, as this court has frequently decided, dispenses with the proof of the signature of a person to a written instrument until the person by whom it purports to have been signed shall specifically deny the signature of the same by his oath or affidavit, or by his pleading duly verified. But the statute does not say that when the signature is denied by affidavit such affidavit shall be filed within the usual time for pleading. Such a construction interpolates a clause into the statute which the legislature did not see fit to insert therein. The matter of allowing such an affidavit to be filed stands substantially upon the same ground as any application to amend the pleadings. In granting leave, the court has ample power to protect the opposite party, in case of surprise, by imposing terms, so that no injury shall be done by allowing the denial to be interposed. In the charge the circuit court says, as the contract was set out in the complaint it was the duty of the defendant to have denied his signature within the usual time of pleading. But the statute prescribes no such limitation upon the time when such denial shall be made. Therefore, assuming, as we must do on the record, that the court refused to allow the affidavit to be filed on account of its mistaken view of the statute, we think there must be a new trial.

But there was another ruling made on the trial, which was excepted to, which we deem equally erroneous to the one we have been considering. We refer to the exclusion of the testimony of the witness Conrad, who was called to testify to the plaintiff's reputation for truth and veracity. The plaintiff had been sworn as a witness on the trial. The court in effect held that the impeaching witness was incompetent to testify as to the plaintiff's reputation for truth and veracity, unless he resided in the immediate neighbor-

hood of the plaintiff. Conrad testified that he had lived in Milwaukee about twenty years, and had known the plaintiff about four years. But it appeared he did not live in the same ward as the plaintiff. But still, if he knew what the plaintiff's reputation for truth and veracity was where he lived, he was competent to testify as to the fact. The means and extent of the witness's knowledge are matters which affect the credibility not the competency of the witness. It well might be that a person not residing in the immediate neighborhood of the witness sought to be impeached would have as ample and accurate knowledge as to the reputation of such witness for truth and veracity among his neighbors, as one who did. At all events, there was no question of competency for the court to determine, and under the circumstances the testimony of the impeaching witness was improperly excluded. The correctness of this view is fully sustained by the authorities cited on the brief of counsel, and which we need not notice in detail.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.