The Ryan Drug Co. vs. Hvambsahl.

THE RYAN DRUG COMPANY, Respondent, vs. HVAMBSAHL, Appellant.

*November 14 — December 11, 1894.*

*Attachment: Fraudulent conveyance: Chattel mortgage not filed: Notice: Traverse of affidavit.*

1. Under sec. 2313, R. S., if a chattel mortgage is not filed nor possession of the property delivered to the mortgagee, the mortgage is fraudulent and void as to other creditors of the mortgagor, and will sustain an attachment of the property by such a creditor, even though no fraudulent intent was shown, and even though the attaching creditor had actual notice of the existence of the mortgage when the debt to him was contracted.

2. A traverse of the allegations of an affidavit for attachment as to the amount of the debt and whether it was then due, is not authorized by the statute and does not raise any material issue.

APPEAL from an order of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This is an action for the recovery of a bill of goods for $493.41, sold to the defendant, in which an attachment was made upon the defendant's stock of goods, upon an affidavit of good reason to believe that the defendant "had assigned, conveyed, disposed of, or concealed, or was about to assign, convey, dispose of, or conceal, his property, or some part thereof, with intent to defraud his creditors." The defendant traversed the affidavit, denying the grounds alleged for an attachment, and averring that the debt sued for had not become due when the action was commenced, September 2, 1893.

At the trial the plaintiff put in evidence a chattel mortgage executed by the defendant to the Ideal Land & Loan Company, dated June 29, 1892, in the usual form, purporting to secure the payment of the defendant's note to said company for $1,000 on or before July 1, 1894, upon the defendant's stock of goods, with fixtures, etc., to wit, drugs,

medicines, chemicals, surgical goods, etc., etc., in "the Swan
Drug Store," in Eau Claire, then in defendant's possession,
and to so remain until possession should be taken by said
mortgagee under the mortgage. This mortgage was not
filed in the office of the city clerk until August 22, 1893, and
all the goods for the price of which the action was brought,
except the amount of four dollars, had been sold by the
plaintiff to the defendant before that date. George Hall
testified on behalf of the plaintiff that he was a traveling
salesman for it, and had been for several years, and was in
defendant's place of business once a week for the last few
years, and made sales of goods for the plaintiff to him, and
sold the goods for which the claim in suit was made; that
he called there on these occasions for the purpose of solicit-
ing the purchase of goods of plaintiff; and that the defend-
ant, during all this time, was the apparent owner and man-
ager of the business, and there appeared to be no other
person interested in it or its profits. And evidence was also
given tending to show that the mortgage in question was
given in renewal of the amount of a larger one on the de-
fendant's stock of goods, which had never been filed; that
the defendant had all the time continued in possession and
control of the stock, replenishing it to the extent of $4,000
a year, and selling the goods and disposing of the proceeds
to his own use; that said Hall had notice of the existence
of the second mortgage before the goods in question were
sold; that the plaintiff's general manager at St. Paul was
one Broderick, who had charge of its credit department and
of all sales, collections, etc.; that the omission to file the
mortgage was not at the request of the defendant or by any
arrangement with him, and that the defendant acted in good
faith throughout; and that no reason existed for failing to
file the mortgage.

The court sustained the attachment, finding that the mort-
gage of June 29, 1892, had been withheld from file until

August 22, 1893; that during that time the defendant remained in possession and apparent control and ownership of the stock mortgaged, and made sales therefrom, and replenished it from time to time with additional purchases, and appropriated the proceeds of such sales to his own use; that the defendant informed the plaintiff's agent who sold the goods in question of the existence of the chattel mortgage, but such agent never imparted such information to any of the plaintiff's officers or agents; that he had no authority to give or extend credit to the defendant. The court held that the information given to the agent of the plaintiff was not notice to it, and that within the meaning of the law the facts found warranted the attachment, and made an order sustaining it, from which the defendant appealed.

For the appellant there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*. They contended, *inter alia*, that the court erred in finding that the plaintiff's claim was past due and in refusing to dismiss the action on the ground that the claim was not due. *Gowan v. Hanson*, 55 Wis. 341; *Streissguth v. Reigelman*, 75 id. 212; *Trautmann v. Schwalm*, 80 id. 275. Actual, intentional fraud, as distinguished from constructive fraud, is necessary to sustain attachment. Wade, Attachm. § 96; *Harrison v. King*, 9 Ohio St. 393; *First Nat. Bank v. Steele*, 81 Mich. 93; *Rhode v. Matthai*, 35 Ill. App. 147; *Market Nat. Bank v. Bethel Bros.* 9 Nat. Corp. Rep. 26; *Union Rolling Mill Co. v. Packard*, 1 Ohio C. Ct. 76; *Seidentopf v. Annabil*, 6 Neb. 524; *Spencer v. Deagle*, 34 Mo. 455; *Rheinhart v. Grant*, 24 Mo. App. 154; *Montreal R. L. Co. v. Mihills*, 80 Wis. 540; *Curtis Bros. & Co. v. Hoxie*, 88 id. 41. Notice defeats plaintiff's right to attachment. *Etheridge v. Sperry*, 139 U. S. 266; *Mitchell v. Winslow*, 2 Story, 630; Bump, Fraud. Conv. (2d ed.), 463; *Baker v. Gilman*, 52 Barb. 26.

For the respondent there was a brief by *Geo. C. & Fred A. Teall*, and oral argument by *Fred A. Teall*. They

The Ryan Drug Co. vs. Hvambsahl.

argued, among other things, that the fact that defendant continued, after the execution of the mortgage, in possession of the mortgaged property, selling it in the usual course of trade, and applying the proceeds to his own use, furnishes ground for attachment. *Anderson v. Patterson*, 64 Wis. 557; *Blakeslee v. Rossman*, 43 id. 116; *Baum v. Bosworth*, 68 id. 196; *Kennedy v. Dawson*, 96 Mich. 79. The mortgage being fraudulent in law, the question of the actual intent need not be considered. *Place v. Langworthy*, 13 Wis. 629; *Steinart v. Deuster*, 23 id. 136; sec. 2313, S. &. B. Ann. Stats.

PINNEY, J.   1. The chattel mortgage dated June 29, 1892, and not filed in the city clerk's office until August 22, 1893, was void as against the plaintiff's claim for all goods sold by it to the defendant in the meantime. The statute (sec. 2313, R. S.) declares that "no mortgage of personal property shall be valid against any other person than the parties thereto, unless the possession of the mortgaged property be delivered to and retained by the mortgagee, or unless the mortgage or a copy thereof be filed" as provided in sec. 2314, except, etc. In this case there was no delivery or change of possession of the mortgaged property. The contention that the charge of a fraudulent transfer or disposition of the defendant's stock of goods is not made out in this case unless a fraudulent intent in fact is shown, cannot be maintained. As the mortgage was void in law as against all others than the parties thereto, no fraudulent intent need be shown. While valid as between the parties, the law, where the statute has not been complied with, conclusively imputes to the mortgage a fraudulent character as to creditors; and no evidence of good faith in fact, however clear or satisfactory, can rescue it from the condemnation of the statute. *Blakeslee v. Rossman*, 43 Wis. 116, 123, 126, 127; *Anderson v. Patterson*, 64 Wis. 557. The statute makes no exception such as the argument would imply, and the court cannot

make any. As was said in *Blakeslee v. Rossman, supra:* "Parol evidence can make it neither better nor worse. The intent does not enter into the question. Fraud in fact goes to avoid an instrument otherwise valid. But intent, *bona fide* or *mala fide*, is immaterial to an instrument *per se* fraudulent and void in law. . . . The judgment of the law goes upon construction of the paper, without inquiry of fact outside of the paper. As against creditors, the paper is void from the beginning and remains void always." After having been filed, it would be valid of course as to subsequent creditors; but, as to creditors who became such intermediate its execution and the filing, the inference of fraud is conclusive.

2. As the statute makes a chattel mortgage not filed void as against persons other than the parties to the same, actual notice of the existence of the mortgage to a creditor will not debar him from taking such property by attachment or execution. It has been expressly held in this state that a subsequent purchaser, with actual knowledge of its existence, acquires a valid title. *Parroski v. Goldberg,* 80 Wis. 339. And it has been so held in other states having statutes on the subject of filing chattel mortgages the same as our own, both as to creditors and subsequent purchasers. Jones, Chat. Mortg. § 314; *Long v. Cockern,* 128 Ill. 29; *Bingham v. Jordan,* 1 Allen, 373; *Travis v. Bishop,* 13 Met. 304; *Gassner v. Patterson,* 23 Cal. 299, 301; *Garland v. Plummer,* 72 Me. 397, 400; *Rawlings v. Bean,* 80 Mo. 614; *Lockwood v. Slevin,* 26 Ind. 125; *Farmers' L. & T. Co. v. Hendrickson,* 25 Barb. 484; *Stevens v. B. & N. Y. C. R. Co.* 31 Barb. 612. The attachment statute gives the remedy in all cases where the debtor has fraudulently assigned, etc., or is about to so assign, his property, or any *part* thereof, with intent to defraud *his creditors.* Notice of the existence of the mortgage is notice only of what the law, without qualification material to this case, declares void as against all persons other

than the parties thereto. It is not necessary, therefore, to consider other grounds relied on to sustain the attachment, nor whether Hall was an agent with such powers and duties as would render notice to him notice to the plaintiff, his principal. The traverse of the allegations of the affidavit as to the amount of the plaintiff's debt and whether it was then due, was not authorized by the statute, and did not raise any material issue. *Littlejohn v. Jacobs,* 66 Wis. 600.

We hold, therefore, that the plaintiff might sustain its attachment upon proof of the invalid and fraudulent mortgage, although it had notice of its existence when it sold the goods in question; and therefore the order appealed from is correct and must be affirmed.

*By the Court.*— The order of the circuit court is affirmed.