WAGG-ANDERSON WOOLEN COMPANY, Appellant, vs. DUNN,
Respondent.

*February 5 — February 18, 1896.*

*Bill of sale given as security: Filing: Replevin against officer holding
under execution: Voluntary assignment.*

One whose title and right to the possession of chattels rest entirely
upon a bill of sale thereof given as security for a debt cannot
maintain replevin against an officer who, before the filing of such
bill of sale as required by sec. 2313, R. S., took the property under
an execution against the debtor. So *held* in a case where both the
bill of sale and the judgment note on which the judgment was
entered under which the execution levy was made were given by
the debtor within sixty days prior to a general assignment by him.

APPEAL from a judgment of the superior court of Milwau-
kee county: R. N. AUSTIN, Judge. *Affirmed.*

Replevin. The facts are stated in the opinion.

*Henry W. Dunlop*, for the appellant.

For the respondent there was a brief by *Turner, Bloodgood
& Kemper*, and oral argument by *J. H. Turner*.

Wagg-Anderson Woolen Co. vs. Dunn.

CASSODAY, C. J. . It appears from the record that January 30, 1894, one Finkelstein was indebted to the plaintiff on account of goods theretofore sold and delivered, and on that day executed and delivered to the plaintiff, on account of such indebtedness, his judgment note for $325; that judgment was thereupon immediately entered, and execution issued, and Finkelstein's stock of goods levied upon and taken into the possession of the sheriff; that Finkelstein thereupon protested, and the result was that January 31, 1894, Finkelstein gave to the plaintiff a bill of sale of his said stock of goods, reciting a consideration of $1, with the parol agreement that it should be security for the plaintiff's debt, which Finkelstein then agreed to pay at the rate of $50 per month, but which bill of sale was not filed until April 20, 1894; that February 2, 1894, Finkelstein, being indebted to Fornes & Co. in the sum of $470, executed and delivered to them his judgment note for that amount, upon which judgment was entered on that day for that amount and costs, to wit, $500.50; that execution was issued thereon, and the stock of goods levied upon and taken by the defendant herein, as sheriff, on that day; that February 19, 1894, Finkelstein made a voluntary assignment for the benefit of his creditors to one Smythe, who immediately qualified and entered upon the discharge of his duties as such assignee; that February 22, 1894, the plaintiff demanded the goods so held by the defendant, but he refused to give them up; that April 20, 1894, the plaintiff filed the bill of sale with the clerk, and on the same day commenced this action of replevin, to recover the goods in question, under and by virtue of the bill of sale. The defendant answered and justified, as such sheriff, under the execution and judgment in favor of Fornes & Co.

At the close of the trial, the jury returned a verdict to the effect that they found for the defendant, and that he was entitled to a return of the property described in the

complaint herein; that he, as sheriff, was at the time of the commencement of this action lawfully entitled to the possession of such property by virtue of the execution mentioned; that the amount of the special property of the defendant under said execution was the judgment of $500.50, and the interest thereon, being $27.50; that the value of the property taken from the defendant was, at the time it was so taken, $700; that they assessed the defendant's damages at six cents. From the judgment entered thereon accordingly the plaintiff brings this appeal.

The plaintiff must recover, if at all, upon the strength of its own title, and not upon the weakness of the defendant's title and right to the possession. The plaintiff's claim of title and right to possession rests entirely upon the bill of sale, which, confessedly, was taken as mere security for the payment of a debt. Being a mere security, and not having been filed as required by the statute, it was invalid as against any other person than the parties thereto. S. & B. Ann. Stats. sec. 2313, and cases cited in the notes. See, also, *Parroski v. Goldberg*, 80 Wis. 339; *Ryan Drug Co. v. Hvambsahl*, 89 Wis. 61. Counsel for the plaintiff contends that, because the execution under which the defendant justifies was issued upon the judgment entered upon the judgment note within sixty days prior to making the assignment, the same was, by virtue of the statute, rendered void and of no effect. S. & B. Ann. Stats. sec. 1693a. But the same argument, under the same statute, applies equally to the bill of sale. Neither question, however, is here involved, since the defendant, as sheriff, is in possession, and the plaintiff has shown no superior title or right to the possession.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.