## In re H. G. ANDRAE CO.

### (District Court, E. D. Wisconsin. October 11, 1902.)

**1. BANKRUPTCY—LIENS—WHAT LAW GOVERNS.**

Where a claim of priority is filed in bankruptcy, based on a chattel mortgage withheld from record for an unreasonable time, the validity of the claimant's lien is to be interpreted by the statutes of the state governing the record of such mortgages, where the claim does not fall within the inhibitions of the bankrupt act.

**2. SAME—FRAUDULENT CONVEYANCE—CHATTEL MORTGAGES—FAILURE TO RECORD—UNREASONABLE DELAY—EFFECT.**

Rev. St. Wis. 1898, § 2313, provides that no mortgage of personal property shall be valid against any other person than the parties thereto without delivery of possession, unless filed as prescribed by section 2314, which provides the place of filing, but contains no express limitation as to time. *Held*, that where a chattel mortgage was withheld from record an unreasonable time, and was not recorded until after the mortgagor had made an assignment for the benefit of his creditors, the mortgage was void, notwithstanding its subsequent record, as against creditors whose claims for goods sold arose prior to the recording of the mortgage.

**3. SAME—ASSIGNMENT FOR CREDITORS—ASSIGNEE—POWERS.**

Since by Laws Wis. 1901, c. 207, an assignee for the benefit of creditors represents the rights of creditors in respect to transfers or liens which are fraudulent or void as to creditors, and the creditor is given the right to enforce such claims if not enforced by the assignee, a chattel mortgage executed by the assignor, but not recorded until after the assignment, was inoperative to create a lien on the assignor's property as against the general creditors of the assignor.

**4. SAME—NECESSITY OF PRIOR JUDGMENT.**

Since Laws Wis. 1901, c. 207, confers on contract creditors the right to enforce their claims as against transfers or liens fraudulent or void as to creditors, no prior judgment on the claims, nor resort to legal remedies, is required in order to establish such creditor's interest.

**5. SAME.**

Where a chattel mortgage was not filed for record until after mortgagor had made a general assignment for the benefit of his creditors, and thereafter involuntary bankruptcy proceedings were instituted against him, the rights of the mortgagor's general creditors were fixed by the assignment, which was valid until superseded by the bankruptcy proceedings; and hence the subsequent filing of the mortgage was insufficient to create a lien against the bankrupt's estate, within Bankruptcy Act, § 67a, declaring that claims which, for want of record, or for other reasons, would not have been valid liens against the claims of the creditors of the bankrupt, shall not be liens against the estate.

**6. SAME—TRUSTEE—POWERS.**

Under Laws Wis. 1901, c. 207, declaring that an assignee for the benefit of creditors represents the rights and interests of creditors in respect to transfers or liens fraudulent or void as to creditors, a trustee in bankruptcy appointed after the execution of an assignment by the bankrupt for the benefit of creditors is entitled to hold property of the bankrupt as against a chattel mortgage which was void as against general creditors under the assignment for want of record.

In Bankruptcy. On review of order made by the referee denying a claim presented by Theo. Knapstein & Co. for payment out of the proceeds of certain property sold by the trustee, against which the

¶ 2. See Chattel Mortgages, vol. 9, Cent. Dig. § 435.

claimants assert that they had a mortgage given by the bankrupt to secure a loan of $1,000.

Charles A. Holmes, for trustee.

Pierce, Lehr & Moeskes, for creditors Theo. Knapstein & Co.

SEAMAN, District Judge. The facts are undisputed that the bankrupt made a bill of sale of certain lumber, intended as a mortgage, in favor of the claimants, November 26, 1900, to secure the latter as present indorsers of the bankrupt's notes; but the lumber was not delivered, nor the bill of sale recorded. This instrument was surrendered, and a new bill of sale of certain furniture in process of manufacture was executed in its place November 4, 1901, securing the same indorsements or renewals thereof; but the new instrument was withheld from record. The property described remained in possession of the bankrupt until March 12, 1902, when the bankrupt executed a voluntary assignment, and all its property (including that mentioned in the bill of sale) passed into the hands of A. G. Meikeljohn as assignee. On March 13th the bill of sale was filed as a mortgage. On March 15th the petition for involuntary bankruptcy was filed by creditors, and adjudication was entered April 7, 1902. The assignee was elected trustee, and sold the property in question, under an order reserving the proceeds subject to the further order of the court. The contentions on the part of the lien claimants are twofold: (1) That the filing of the instrument on March 13th—before the petition in bankruptcy was filed, but after the voluntary assignment—gave validity to the lien under section 2313, Rev. St. Wis. 1898; but, if the filing were insufficient, (2) that the lien is valid as against the title acquired by the trustee in bankruptcy. If either of these propositions is tenable, the claimants are entitled to payment out of the proceeds; but I am of opinion that both were rightly overruled by the referee.

1. The Wisconsin statute (section 2313), as interpreted by the supreme court of the state, unquestionably governs the validity of the lien, if it does not fall within the preferences inhibited by the bankruptcy act. Section 2313 provides that "no mortgage of personal property shall be valid against any other person than the parties thereto" without delivery of possession, unless "filed as provided in the next section." Section 2314 prescribes the places of filing, but contains no express limitation of the time, and declares that "mortgages so filed shall be as valid and binding upon all persons as if the property thereby mortgaged had been, immediately upon the execution of such mortgage, delivered to, and the possession thereof retained by, the mortgagee." These provisions are in the chapter entitled "Of Fraudulent Conveyances and Contracts Relating to Personalty," and their general object is to prevent fraud and deception through the appearance of unqualified ownership in the possessor. They have existed many years in the present form, so far as concerns this inquiry; and the numerous decisions construing the statute are noted in the revision of 1898, above cited. Whether the mortgage can become operative, except between the parties, by either filing or delivery of possession, or both, after unreasonable or unexplained delay, is not expressly

decided in any of these cases called to my attention. In New York the rule is upheld, under like statute, that it "continues to be void" in such case (Karst v. Gane, 136 N. Y. 316, 325, 32 N. E. 1073; Stephens v. Perrine, 143 N. Y. 476, 480, 39 N. E. 11); and such construction appears reasonable in view of the language of the statute and its object. But the case of Drug Co. v. Hvambsahl, 89 Wis. 61, 64, 61 N. W. 299, is conclusive, so far as concerns this lien claimant, as it is there held, in reference to a mortgage so withheld from filing, that the mortgage was void, as against an attachment subsequent to the filing, upon a claim for goods previously sold to the mortgagee, and that no evidence of good faith "can rescue it from the condemnation of the statute." This doctrine is reaffirmed in Woolen Co. v. Dunn, 92 Wis. 409, 416, 66 N. W. 354. If the decisions are limited in their application to claims arising between the dates of the execution and filing, it is stipulated in this case that claims are in proof for goods sold during that interval in excess of the proceeds of the property in question, so that the lien could not prevail over such creditors at least. I am of opinion, however, that the filing was inoperative to establish the lien as against the general creditors of the mortgagor, for the reason that it was preceded by the voluntary assignment. By statute, in Wisconsin, the assignee in such case represents the rights and interests of creditors in respect of transfers or liens which are fraudulent or void as to creditors, and such right is enforceable by a creditor if not enforced by the assignee. Chapter 207, Laws 1901. This provision is a re-enactment of previous statutes (see Sanb. & B. Ann. St. 1889, §§ 1702, 1693b) omitted from the revision of 1898, and is applicable to chattel mortgages which are invalid for want of filing or possession. S. L. Sheldon Co. v. Mayers, 81 Wis. 627, 631, 51 N. W. 1082; Lumber Co. v. Hogan, 85 Wis. 366, 371, 55 N. W. 415. Under the assignment, therefore, the rights of creditors became vested, and the unrecorded mortgage was not a valid lien against the claims. As the statute confers the right of enforcement upon and in favor of contract creditors, no prior judgment upon the claims, nor resort to legal remedies, is demanded to establish their interest. Section 67a of the bankruptcy act provides: "Claims which for want of record or for other reason would not have been valid liens against the claims of the creditors of the bankrupt shall not be liens against the estate." The invalidity for want of record, at least, refers alone to the law of the state. As the mortgage was not a valid lien against creditors when their rights accrued under the assignment, it is plain that the subsequent filing gave it no better standing within the state law. It was equally invalid, under this provision of the bankruptcy act, when the petition for involuntary bankruptcy was filed, March 15th, unless that act operates through some of its other provisions to devest the creditors of such right, and thus enables the parties to the void instrument to give it validity by their mere act of filing on the intermediate day. I am of opinion that neither the terms of the bankruptcy act nor intervention thereunder have such anomalous result. True, the making of the assignment was an act of bankruptcy within the act (West Co. v. Lea, 174 U. S. 590, 595, 19 Sup. Ct. 836, 43 L. Ed. 1098), but the assignment was

not void, and, except for the adjudication of bankruptcy, the assignment would have remained in force to be carried out under the state law. It was voidable only; in force when this petition was filed and until displaced by the adjudication thereupon. Vide Coll. Bankr. (3d Ed.) 42, and cases cited; In re Plotke, 44 C. C. A. 282, 104 Fed. 964, 968. So considered, the subsequent filing was nugatory, and the mortgage is within section 67a, and not a valid lien against the estate.

2. Upon the general question of the right of a trustee in bankruptcy to hold the property against a chattel mortgage void for want of filing the authorities are not harmonious. In a recent case (In re New York Economical Printing Co., 49 C. C. A. 133, 110 Fed. 514) the circuit court of appeals of the Second circuit denies such right to the trustee, in reference to a New York mortgage, on the ground "that only such creditors can take advantage of it as are armed with some legal process authorizing the seizure of the mortgaged property, and are thereby in a position to enforce a lien upon it,"— citing the New York decisions to that effect. As a single creditor had obtained prior lien through a judgment, it was ruled that the trustee represented no right in the property covered by an unfiled mortgage except for such judgment creditor. Per contra, the circuit court of appeals of the Eighth circuit, in the more recent case of In re Pekin Plow Co., 50 C. C. A. 257, 112 Fed. 308, hold that the proceeding in bankruptcy "amounts to an effectual sequestration for the benefit of all the creditors," and meets a similar requirement upheld in Nebraska in reference to the rights of creditors under an unfiled mortgage, so that the trustee can defend the estate against such mortgage. It is not necessary, however, to determine whether like rule exists in Wisconsin as to the general status of creditors under an unfiled mortgage, or which line of decision referred to should be adopted in such event, for the reason that the case at bar is excepted from any such rule by the fact of assignment. As before stated, the assignment is by statute made the equivalent of a judgment or other legal proceeding to establish an interest in favor of the general creditors of the bankrupt against the invalid lien. That the trustee fully represents the rights of the creditors is expressly declared by section 70, and recognized throughout the act. Both cases cited recognize such representation, as do the several decisions by the supreme court in reference to the interest of the trustee. See Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, and cases reviewed. The creditors were entitled to the defense against the unfiled mortgage, irrespective of the rule upheld in either of the circuit court of appeals cases; and likewise irrespective of the fact that the supreme court of Wisconsin, in the recent case of Mueller v. Bruss, 112 Wis. 406, 412, 88 N. W. 229, adopts the view that a trustee in bankruptcy may sue in equity to set aside fraudulent transfers as the representative of the creditors, and that the proceedings in bankruptcy exempt such suit from the general rule requiring prior judgment or other proceedings at law to establish the claims of creditors.

The order of the referee is approved accordingly.