DORNBROOK, Respondent, vs. M. RUMELY COMPANY and others, Appellants.

*November 19—December 11, 1903.*

*Sales: Purchaser: Chattel mortgage: Filing: Priority: Fraudulent conveyances: Evidence: Collusion: Appeal: Harmless error: Questions reviewed.*

1. Plaintiff's son placed with defendant an order for a threshing outfit which was accepted, plaintiff also signing the order. The order provided for giving notes and a chattel mortgage by the son, and for additional security by plaintiff's signing some of the notes. *Held,* that the fact that defendant accepted the son's individual notes and chattel mortgage indicated that it treated the son as the purchaser.

Dornbrook v. M. Rumely Co. 120 Wis. 36.

2. In such case, the son's mortgage was not filed in town clerk's office of the town where the son resided. Defendant did not take possession until after the son, for a valuable consideration, had mortgaged the outfit to the father, and the father had purchased the outfit on foreclosing his mortgage. The defendant, claiming under its chattel mortgage, took possession and plaintiff brought replevin. *Held*, that defendant's mortgage was void as against that of plaintiff, and it was immaterial whether plaintiff knew his son had given defendant a chattel mortgage, nor was it material to inquire whether he knew or ought to have known that the son fraudulently intended to hinder and delay his creditors in giving the chattel mortgage.

3. Plaintiff's son, in an order for a threshing outfit, incorrectly stated his residence to be in the town of M. This order was canceled, and a second order was taken in which the son correctly stated his residence as in the town of S. and this order was also signed by the plaintiff. Thereafter the son gave defendant a chattel mortgage on the outfit, stating his residence to be in the town of M., in which town defendant's chattel mortgage was filed. Plaintiff subsequently took a chattel mortgage on the same outfit, and in an action of replevin brought against defendant for the outfit the jury found that plaintiff, when he took his chattel mortgage, had no knowledge of defendant's mortgage, or that the son intended to hinder, delay or defraud his creditors, and that plaintiff did not collude with the son in foreclosing his mortgage. It also appeared that plaintiff had no knowledge of his son's misstatements as to residence. *Held*, that defendant's contention that plaintiff was guilty of collusion and fraud, which resulted in misleading it, and caused it to file its chattel mortgage in the town of M., was without foundation.

4. When, in view of the undisputed facts, a case is properly one for the court to direct a verdict, error in instructing the jury is harmless.

5. When no portion of the instructions to the jury appear in the bill of exceptions the supreme court will not review exceptions taken thereto on the trial.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

On March 28, 1900, John L. Dornbrook gave a written order to the *M. Rumely Company* for a threshing outfit, consisting of a traction engine, grain separator, and all necessary machinery and attachments, at a price of $2,325. The

order was given at La Porte, Indiana. Under the order the machinery was to be shipped in the following month of June. It contained the conditions of payment, and required that notes for the unpaid purchase price were to be given as specified, and that payment thereof should be secured by a chattel mortgage on the property, to be executed by John L. Dornbrook, whose residence and post-office address were stated therein: "Postoffice, Brandon; Township, Metomen; County of Fond du Lac." In June John L. Dornbrook gave notice canceling the order to A. J. McCrary, agent for the *M. Rumely Company* at Fond du Lac. On the following day negotiations were resumed between A. J. McCrary and John L. Dornbrook for a sale of such a threshing outfit, resulting in a written order by John L. Dornbrook of July 9, 1900, in part reaffirming the former order, with some changes as to the parts of the outfit. This order contained provisions for giving notes for the purchase money and a chattel mortgage on the property by John L. Dornbrook, and provided for additional security as follows:

"*John Dornbrook* as security on first note, and notes amounting to $425.00 due January 1, 1901. As a condition hereof it is fully understood and agreed that title to the goods ordered hereby shall not pass until settlement is concluded and accepted by the *M. Rumely Company.*"

*John Dornbrook,* the plaintiff in this action, signed the order with his son, the purchaser of the property. After the signature of John L. Dornbrook appear the words: "Post office Brandon, Township Springvale, county Fond du Lac," with ditto marks under this address after the signature of plaintiff. The address appeared to be in the handwriting of A. J. McCrary. The property was delivered in July, and notes were taken for the purchase price, secured by a chattel mortgage on the property, which were signed by John L. Dornbrook stating his post-office address and residence as in

the order of March 28, 1900. This mortgage was executed July 17, 1900, and delivered to the agent of the *M. Rumely Company,* who caused it to be filed in the office of the town clerk of the town of Metomen. The chattel mortgage was never filed in the office of the town clerk of the town of Springvale. There is no dispute but that John L. Dornbrook resided in the town of Springvale at the time of all these transactions, and that the property covered by the mortgage was located in this town when the chattel mortgage was given. The plaintiff, *John Dornbrook,* had loaned money to and paid out as surety on notes he had signed with his son, and was liable as surety on outstanding obligations of the son amounting in all to $1,090, on February 6, 1902, when he took a chattel mortgage from John L. Dornbrook on this threshing outfit and engine to secure his indebtedness. This mortgage was filed with the town clerk of the town of Springvale on February 8, 1902. On July 5th plaintiff bid in the mortgaged property at a sale under foreclosure of his chattel mortgage. On July 25, 1902, the *M. Rumely Company* seized the property under its chattel mortgage, executed by John L. Dornbrook, removing it from plaintiff's possession, who replevied it in this action on the following 29th of July. Upon the trial the jury found as facts that plaintiff had no knowledge of the defendant's mortgage nor of John L. Dornbrook's intent to hinder, delay, and defraud his creditors, and that he did not collude with his son in the foreclosure of the mortgage and the sale of the property. The court gave judgment in plaintiff's favor, declaring plaintiff to be the owner of the property; and that the defendant company wrongfully took it from his possession, and unjustly detained it; that plaintiff has a right to retain it as owner, and that he recover damages in the sum of $1.93, with costs and disbursements. From this judgment the *M. Rumely Company* appeals.

For the appellants there was a brief by *John I. Thompson,* attorney, and *Maurice McKenna,* of counsel, and oral argument by *Mr. Thompson.*

For the respondent there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.*

SIEBECKER, J.   The order of July 6, 1900, for the purchase of the threshing machine outfit by John L. Dornbrook from the *M. Rumely Company,* and the fact that the *M. Rumely Company* accepted his individual notes and chattel mortgage on the property sold, clearly indicate that it treated him as the purchaser.   Under these facts and circumstances it was immaterial whether respondent knew his son had given appellant a chattel mortgage, nor was it material to inquire whether he knew or ought to have known that John L. Dornbrook fraudulently intended to hinder and delay his creditors in giving the chattel mortgage.   The facts that respondent received his chattel mortgage to secure the payment of the sum of $1,090 actually due him from his son, and that this mortgage was filed with the town clerk of the town of Springvale, where the mortgagor resided, and where the property was actually located at the time, and the further facts that appellant omitted to file its mortgage with such town clerk, and had not taken possession of the chattels under it, left nothing further necessary as matters of fact upon which to determine the rights of the parties.   This situation rendered appellant's mortgage void as against respondent's under secs. 2313 and 2314, Stats. 1898, which declare that "no mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage or a copy be filed" as provided in the last section.   It is not asserted that the conditions of the statutes were complied with on the part of the

appellant, and its claim to any interest in this property under the mortgage was therefore without any foundation in law. The court properly awarded judgment that respondent is the owner and rightfully entitled to the possession of the chattels so wrongfully taken and detained by appellant. *The Ryan Drug Co. v. Hvambsahl,* 89 Wis. 61, 61 N. W. 299; *Parroski v. Goldberg,* 80 Wis. 339, 50 N. W. 191; *Blakeslee v. Rossman,* 43 Wis. 116; *Wagg-Anderson W. Co. v. Dunn,* 92 Wis. 409, 66 N. W. 354.

As appears in the above statement of facts, the jury found that respondent, when he took his chattel mortgage, had no knowledge that appellant had a chattel mortgage upon this property, nor that John L. Dornbrook intended to hinder, delay, and defraud his creditors, and that he did not collude with John L. Dornbrook in the foreclosure and sale of the property. It also appears that he had no knowledge of the misstatement made by John L. Dornbrook in the order of March 28, 1900, wherein he gave his residence as in the town of Metomen, instead of the town of Springvale, his actual residence. In view of this state of facts, the contention of appellant that respondent was guilty of collusion and fraud, which resulted in misleading it, and thereby causing it to file its chattel mortgage with the town clerk of the town of Metomen instead of the town of Springvale, the actual residence of John L. Dornbrook, is without foundation. The facts thus established leave no room for charging respondent with fraud in these transactions, and upon this ground no liability can be asserted against him.

Appellant urged some exceptions to the court's charge to the jury as prejudicial error. In view of the undisputed facts above referred to, the case was properly one for the court to direct a verdict in respondent's favor, and therefore any error in charging the jury would be harmless, but since no portion of the charge appears in the bill of exceptions, we

could not review any exception taken thereto on the trial were the case on appeal not disposed of as above indicated.

*By the Court.*—The judgment of the circuit court is affirmed.