ESTATE OF DICK: SCHEBEN, Appellant, vs. CENTRAL WISCONSIN TRUST COMPANY, Executor, Respondent.

*February 9—March 10, 1931.*

For the appellant there was a brief by *Siebecker & Heassler* of Madison, and oral argument by *Alton S. Heassler.*

For the respondent there was a brief by *Henry T. Sheldon* and *Sanborn, Blake & Aberg,* all of Madison, and oral argument by *Mr. Sheldon* and *Mr. John B. Sanborn.*

OWEN, J. Christian Dick was a resident of Dane county during his lifetime. He made occasional trips to Germany and died there August 2, 1928, after being confined in bed for a period of two weeks. Michael Scheben conducted a hotel at Kerpen, in the District of Cologne. During his visits to Germany Christian Dick spent much of his time at Scheben's hotel, and died there. Scheben's claim was for the sum of $2,000 "for boarding, nursing, attending to and caring, and generally providing, for the said Christian Dick, deceased, prior to his death in Germany." The evidence given in support of the claim was in the form of depositions of Michael Scheben and his wife, taken upon written interrogatories, from which it appears that while Christian Dick was in his last illness at Scheben's hotel, he and his wife cared for the deceased, rendering services such as are mentioned in the claim. He claims he had an express contract with Mr. Dick to pay him $2,000 for the services.

At the trial the executor offered in evidence a receipted bill signed by Michael Scheben, acknowledging the receipt from Christian Dick, under date of August 5, 1928, of 432.60 marks for lodging, nursing, drinks, postage, medicine, and telephones. This receipt was found among the papers of the deceased, and was offered in evidence with no proof of its execution or that the signature of Michael Scheben was genuine. His signature might have been compared with that attached to his deposition, but it does not appear that such a comparison was made by the county

judge, or that he determined from such a comparison that the signature of Michael Scheben attached to the receipt was genuine. The receipt was received in evidence on the theory that it was admissible under sec. 328.25, Stats., which provides:

"Every written instrument purporting to have been signed or executed by any person shall be proof that it was so signed or executed until denied by the oath or affidavit of the person by whom it purports to have been so signed or executed or by a pleading duly verified; but this section shall not extend to instruments purporting to have been signed or executed by any person who shall have died previous to the requirements of such proof."

Appellant contends that the provisions of that section have no application to the situation, and that the receipt was not admissible without proof of its execution. The contention is that that section does not apply to documents which are testimonially offered in evidence concerning which no issue has been presented by the pleadings.

In *Smith v. Ehnert,* 47 Wis. 479, at p. 481 (3 N. W. 26), speaking of this statute, it was said: "The object of the statute is to relieve the plaintiff of the necessity of proving, on the trial, the signature of the defendant to the contract upon which the action is based, unless the same shall have been denied upon oath." And it was further said that the "signature must be denied before the trial is commenced, and perhaps before the cause is noticed for trial." In *Wallis v. White,* 58 Wis. 26, 15 N. W. 767, the power of the trial court to permit an affidavit denying signature to be filed after the usual time for filing pleadings, was considered. It was said that "The matter of allowing such an affidavit to be filed stands substantially upon the same ground as any application to amend the pleadings."

According to the present provisions of the statutes, the signature may be denied by the oath or affidavit of the per-

son by whom it purports to have been so signed or executed or by pleading duly verified. This would seem to deal with an instrument which is the subject of the action and one the execution of which may be denied by pleading duly verified. If not denied by the party pleading, then it may be denied by affidavit of the person whose signature purports to be upon the instrument. If this affidavit be not filed with the pleading, an application filed later is to be treated as an application to amend the pleadings, according to *Wallis v. White, supra*. Whether or not in some cases, such as *Vogel v. Delaware, L. & W. R. Co.* 168 Wis. 567, 171 N. W. 198, a broader scope has been given to the statute, we think it should now be so limited and be construed to apply only to instruments which constitute the subject of the action, or the execution of which is tendered or placed in issue by the pleadings. The defendant should have some opportunity of denying the genuineness of a written document with which he is to be confronted on the trial if he is to be barred from challenging the genuineness of such document, which must be denied under oath at the time he files his answer. This is the rule that seems to have been adopted, as any application to file an affidavit later is to be treated as an application to amend the pleadings.

The object of the statute is to enable the plaintiff to know whether upon the trial he will be called upon to meet an issue upon the genuineness of the contract or other document which constitutes the subject of his action. Where it is proposed to introduce collateral documents or writings testimonially upon the trial, the party proposing to introduce them may, "by notice in writing delivered not later than ten days before the trial, call upon any other party within five days after receiving the notice, to admit or deny under oath: . . . the existence, due execution, correctness, validity, signing, sending or receiving of any document." Sec. 327.22, Stats. This provides an easy way of securing an admission

of the genuineness of any collateral document which it is proposed to offer in evidence. These two sections should be considered as complementary to each other. It follows that the receipt was improperly admitted by the county court.

However, the judgment must nevertheless be affirmed. The evidence fails to establish a contract. The evidence reveals nothing more nor less than a promise on the part of Mr. Dick to give the plaintiff $2,000. Scheben himself says that Mr. Dick "several times promised us $2,000," and Mrs. Scheben testifies that "when we assisted Mr. Dick in the days of his illness he always and every day promised us the above said $2,000. It was only Mr. Dick, who promised that he would not forget the services given to him by us day and night nursing him." There is no testimony in the case that the plaintiff agreed to do anything for $2,000. There was no mutuality about the arrangement. It appears that Mr. Dick was grateful for the attention which the plaintiff and his wife paid him, and as a token of that gratitude promised to give him $2,000. That for which the $2,000 was to be paid was not specified. Plaintiff was not bound to the rendition of any particular service. The statement of Mr. Dick to which the plaintiff and his wife testified was nothing more nor less than a promise unsupported by any consideration and unaccompanied by any reciprocal promises on the part of the plaintiff. The county court found that there was no contract and allowed plaintiff $200 for his services. The executor does not appeal from or seek a review of this judgment.

*By the Court.*—The judgment is affirmed.