First National Bank of Edgerton, Wisconsin, Respond-ent, vs. Biederman, Appellant.

*February 22—March 12, 1912.*

*Chattel mortgages: Filing: Mortgagors living in different towns: Validity of unfiled mortgage: Actual notice.*

1. A chattel mortgage given by partners, one of whom resides in a. city and the other in a town, is not duly filed under sec. 2314, Stats. (1898), unless filed in the office of the city clerk and also in that of the town clerk.
2. Under sec. 2313, Stats. (1898), if possession of the property is: not delivered to the mortgagee, a chattel mortgage not filed as provided in sec. 2314 has no validity as against subsequent pur-chasers or mortgagees, even though they had actual notice: of it.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge.    *Reversed.*

This is a contest between two chattel mortgagees of a quantity of tobacco.    No detailed statement of the case is necessary.    The facts on which the case depends are simple.    February 22, 1907, S. F. and T. M. Madden, copartners dealing in leaf tobacco at the city of Edgerton, gave to the plaintiff a chattel mortgage upon a quantity of leaf tobacco in their warehouse to secure payment of two promissory notes of $2,500 each.    T. M. Madden then resided in the city of Edgerton, and S. F. Madden in the adjoining town of Fulton.    On the same day the mortgage was duly filed in the proper office in the city of Edgerton, but was never filed in the town of Fulton.    January 11, 1908, the Maddens gave a second chattel mortgage covering the same tobacco and a large amount of other tobacco to the Bank of Marshall and the defendant *Biederman* jointly to secure a note of $5,000 to the bank and a note of $10,500 to *Biederman*.    There was no exception in the granting clause of this latter mortgage, but in the clause guaranteeing title in the mortgagors and freedom from incumbrances an exception is made as follows: "except a mortgage upon 917 bundles packed in cases to *First National Bank of Edgerton* for $5,000, filed in city clerk's office of Edgerton February 22, 1907."    On the 13th of March, 1909, none of the aforesaid debts having been paid, the Maddens executed and delivered new mortgages as follows: to the plaintiff a mortgage covering the same tobacco covered by its mortgage of February 22, 1907, and to secure the same debt; to the defendant *Biederman* a mortgage covering the entire crop of 1906, and including the tobacco mortgaged to the plaintiff, to secure the aforesaid existing debt of $10,500; to the Bank of Marshall a mortgage covering the same property last described to secure the aforesaid existing debt of $5,000.    No exception was inserted in either of the last named mortgages, and no mention made of the plaintiff's mortgage.    The two mort-

gages last named were at once duly filed in both the city of Edgerton and the town of Fulton, and two hours later the plaintiff's new mortgage was filed in the city of Edgerton, but there is no evidence that it was ever filed in the town of Fulton. In August, 1909, the defendant and the Bank of Marshall seized the entire quantity of tobacco covered by their mortgages, and sold the same, including the tobacco mortgaged to the plaintiff, from which last named tobacco they realized the sum of $2,680.63, which sum was deposited in court to abide the result of this action. The defendant *Biederman* has succeeded to all the rights of the Bank of Marshall.

The case was tried without a jury, and the trial court found the foregoing facts, and further found that at the time of the execution of the last named mortgages on March 13, 1909, the defendant *Biederman* and the Bank of Marshall knew that the plaintiff's claim had not been paid, and that it was the intention of the Maddens to continue in their mortgages the priority of the plaintiff's lien, but that the scrivener by mistake omitted to insert the proper exception or reservation in their mortgages.

On these facts the circuit court concluded that the mortgages executed to the defendant *Biederman* and the Bank of Marshall did not convey any interest in or lien upon the property described in the plaintiff's mortgages as against the plaintiff, and entered judgment awarding to plaintiff the sum deposited in court, with interest. From this judgment *Biederman* appeals.

For the appellant there were briefs by *F. W. Hall* and *Jeffris, Mouat, Oestreich & Avery,* and oral argument by *Mr. Hall* and *Mr. L. A. Avery.*

*L. E. Gettle,* for the respondent.

WINSLOW, C. J. The plaintiff's mortgage of February 22, 1907, was filed only in the city of Edgerton, and hence, owing to the fact that one of the mortgagors resided in the town of

Fulton, it was never properly filed as required by sec. 2314, Stats. (1898). The plaintiff's second mortgage of March 13, 1909, was filed in the city of Edgerton, two hours after the second mortgage of the defendant *Biederman,* and hence must be regarded as subordinate thereto even had it been duly filed; but as there is no evidence to show that it was ever filed in the town of Fulton, and it appears that *Biederman's* mortgage was duly filed in both city and town, it is clear that the plaintiff can claim nothing under it as against *Biederman.* In fact the plaintiff's counsel makes no claim under the second mortgage, but only claims under the first mortgage, and very frankly admits in his brief that because of the failure to properly file that mortgage the plaintiff's rights are only those of the holder of an unrecorded mortgage.

Having only these rights, the respondent's argument is that by accepting their mortgage of January 11, 1908, containing the exception in favor of the plaintiff's prior mortgage, *Biederman* and the Bank of Marshall acquired only a mortgage upon the equity of redemption in the tobacco previously mortgaged to the plaintiff, and that they secured no greater rights under their mortgages of March 13, 1909, given to secure the same debt, because they had notice of the unrecorded mortgage and therefore were not subsequent purchasers or mortgagees for value in good faith.

Without deciding the question it may be admitted, for the purposes of the case, that by reason of the exception contained in the defendant's mortgage of January 11, 1908, he acquired by that mortgage no interest in or lien upon the tobacco previously mortgaged to the plaintiff except a lien in the equity of redemption after the plaintiff's claim should be satisfied.

But conceding this to be the situation when that mortgage was given and up to the time of the execution of the mortgage of March 13, 1909, we have yet remaining the question of the effect of this later mortgage which contained no exception. In terms it covered the whole property. It was unquestion-

ably a lien upon the whole property and a first lien thereon, unless the fact that the defendant knew of the existence of the plaintiff's unrecorded and unpaid mortgage prevents him from claiming any lien prior to that of the unrecorded mortgage. To put the matter in simpler form, the question is whether failure to file a chattel mortgage can only be taken advantage of by subsequent purchasers or mortgagees in good faith, or whether persons dealing with the property with notice can also take advantage of it. The section itself (sec. 2313, Stats. 1898) seems very plain and unmistakable. It says that no chattel mortgage "shall be valid against *any other person than the parties thereto*" unless the possession of the property be delivered and retained or the mortgage duly filed.

There is no room for interpretation or construction here. The words are definite and the meaning certain,—"any other person than the parties" can mean but one thing, and the court is not at liberty to construe it to mean anything else.

In the majority of states notice of an unrecorded mortgage will deprive a subsequent purchaser or mortgagee of any protection under the filing act; he will take subject to the rights of the holder of the unrecorded mortgage. In Wisconsin, however, unrecorded mortgages have no validity as against subsequent purchasers or mortgagees, even though they have actual notice of them. Jones, Chat. Mortg. (5th ed.) secs. 313, 314. This has been squarely decided by this court. *Parroski v. Goldberg,* 80 Wis. 339, 50 N. W. 191; *Ryan D. Co. v. Hvambsahl,* 89 Wis. 61, 61 N. W. 299; *Dornbrook v. M. Rumely Co.* 120 Wis. 36, 97 N. W. 493. In *Manson v. Phœnix Ins. Co.* 64 Wis. 26, 24 N. W. 407, language which seems to indicate a contrary view was used, but the question there was simply whether an unrecorded mortgage was valid as between the parties. The question at issue in *Ullman v. Duncan,* 78 Wis. 213, 47 N. W. 266, was as to the construction of sec. 2315, Stats. (1898), with regard to the failure to file an affidavit of renewal, and by the very terms of this lat-

ter section the only persons protected are "subsequent pur-chasers or mortgagees in good faith."

It seems unquestionable that our filing statute makes sharp practice possible and enables one who has full notice of a previously unrecorded mortgage to purchase the property, or to take a mortgage thereon to secure a pre-existing debt or one presently created, with the deliberate purpose of cutting off the unrecorded mortgage. The idea of the statute doubtless is that it is better to have the statute certain and effective than it is to leave the question in each case to depend on notice or good faith, and thus afford opportunity for conflicts in oral testimony and offer a reward to active and fertile memories.

The defendant had a right to take additional security if he could get it. He obtained such a security in the chattel mortgage which was given to him on March 13, 1909. That mortgage never has been reformed and doubtless could not be reformed in this action. There are no elements of estoppel here because the plaintiff has made no change of position relying on any act of the defendant. Under the terms of the chattel mortgage law the defendant was entitled to the money deposited in court.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the defendant in accordance with this opinion.