BAIERL and wife, Respondents, vs. RIESENECKER and wife, Appellants.

*September 11, 1929—April 29, 1930.*

*Francis W. Rausch,* attorney, and *H. A. Kovenock* of counsel, both of West Allis, for the appellants.

*Alvin Juedes* of Milwaukee, for the respondents.

The following opinion was filed October 8, 1929:

STEVENS, J. The personal property here in question was in the possession of the mortgagors at the time that the

defendants' bill of sale was given. Secs. 241.08 and 241.10 of the Statutes provide: "No mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage or a copy thereof be filed . . . in the office of the clerk of the town, city or village where the mortgagor resides."

At the time the chattel mortgage here in question was given the mortgagors resided in Milwaukee. The chattel mortgage was not recorded in Milwaukee, but in the town where the personal property was then located. Under the clear mandate of the statute quoted above the chattel mortgage was void as against the claim of the defendants under their bill of sale. *Dornbrook v. M. Rumely Co.* 120 Wis. 36, 40, 97 N. W. 493.

The fact that the bill of sale recites the existence of this chattel mortgage does not change the situation. "It is settled in this state that unrecorded chattel mortgages have no validity as against subsequent purchasers or mortgagees, even though they have actual notice of them." *Holak v. Southard,* 182 Wis. 494, 497, 196 N. W. 769. See, also, *First Nat. Bank v. Biederman,* 149 Wis. 8, 12, 134 N. W. 1132.

The fact that the parties who gave the chattel mortgage here in question moved into the town in which it was recorded, subsequent to the time that the chattel mortgage was improperly filed and before the bill of sale was given to the defendants, does not render the chattel mortgage valid as against these defendants. "That such was the intention of the legislature seems clear from the history of the statute, and the construction that has heretofore been placed upon it by this court points the same way." *Cappon v. O'Day,* 165 Wis. 486, 492, 162 N. W. 655.

The respondents rely upon *Howard v. Chase,* 104 Mass. 249, 252, which construed a Massachusetts statute relating

to the filing of chattel mortgages. The case holds that purchasers who take subject to a chattel mortgage which is not filed in the town where a mortgagor resided stand in the shoes of, and have the same rights as, the mortgagor, and that they "thus come within the exception of the statute which provides that unrecorded mortgages 'shall not be valid against any person other than the parties thereto.'" To hold that the legislature intended to include persons not parties to the chattel mortgage when it used the words "any other person than the parties thereto" seems to carry the judicial function of construction into the field of pure legislation. "There is no room for interpretation or construction here. The words are definite and the meaning certain,— 'any other person than the parties' can mean but one thing, and the court is not at liberty to construe it to mean anything else." *First Nat. Bank v. Biederman,* 149 Wis. 8, 12, 134 N. W. 1132.

The case does not come within the rule of *Nix v. Wiswell,* 84 Wis. 334, 340, 54 N. W. 620, for the very obvious reason that the statute there under consideration provided that the chattel mortgage should not be valid against *"subsequent* purchasers or mortgagees in *good faith."* Sec. 241.08 of the Statutes here under consideration makes no such exception to the rule.

"It seems unquestionable that our filing statute makes sharp practice possible and enables one who has full notice of a previously unrecorded mortgage to purchase the property, or to take a mortgage thereon to secure a pre-existing debt or one presently created, with the deliberate purpose of cutting off the unrecorded mortgage. The idea of the statute doubtless is that it is better to have the statute certain and effective than it is to leave the question in each case to depend on notice or good faith, and thus afford opportunity for conflicts in oral testimony and offer a reward to active and fertile memories." *First Nat. Bank v. Biederman,* 149 Wis. 8, 13, 134 N. W. 1132.

The learned trial judge may have been moved to hold that plaintiffs were entitled to the possession of the property here in question under their chattel mortgage because "the equities are all in favor of the plaintiffs," to use his words. The defendants did take their bill of sale with full knowledge of the existence of plaintiffs' chattel mortgage. But that fact does not change the law as it has been written by the legislature. It is the duty of the courts to enforce the law as written. If the statute works injustice, the appeal for relief must be made to the legislature and not to the courts.

Plaintiffs' chattel mortgage was not filed as required by law. It had no validity against the defendants, who took the personal property under their bill of sale unaffected by any right, title, or interest accruing to the plaintiffs by virtue of their chattel mortgage. It follows that in no view of the facts can the plaintiffs recover. The judgment must be reversed, and the cause remanded with directions to dismiss the plaintiffs' complaint. *Holak v. Southard,* 182 Wis. 494, 497, 196 N. W. 769.

*By the Court.*—So ordered.

The following opinion was filed April 29, 1930:

STEVENS, J. (*on rehearing*). When the motion for a rehearing was presented the court re-examined the question of the validity of the chattel mortgage here in question and was satisfied that this mortgage is invalid as "against any other person than the parties thereto." Sec. 241.08 of the Statutes. The motion for rehearing was granted because the briefs on that motion presented for the first time the proposition that the defendants were estopped to question the validity of the plaintiffs' chattel mortgage. Counsel were thereupon requested to file briefs upon the following question: "Assuming that plaintiffs' chattel mortgage is invalid because not filed as required by secs. 241.08 and 241.10 of the Statutes, are the defendants estopped to raise the

question of the invalidity of the chattel mortgage by the fact that they purchased the property subject to this chattel mortgage and deducted the amount of the debt secured by the chattel mortgage from the price which they agreed to pay for the mortgaged property?"

(1) Proof that the defendants deducted the amount due upon the chattel mortgage from the purchase price does not vary or contradict the terms of the written bill of sale given to the defendants, which recited a consideration of one dollar and "other good and valuable consideration." This proof simply explained what was in fact the consideration paid for the property. "The true consideration for a conveyance . . . can always be inquired into by parol." *Halvorsen v. Halvorsen,* 120 Wis. 52, 55, 97 N. W. 494.

(2) Estoppel must be pleaded when the party relying upon it has an opportunity to plead it. But this rule does not apply "where the party claiming the estoppel has had no opportunity to plead it." *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108, 115. In this case the plaintiffs could not know that the defendants would rely upon the invalidity of the chattel mortgage until the answer raising that question was interposed. The Code gave the plaintiffs no right to plead estoppel in reply to the defensive portions of the answer. They were therefore not precluded from raising this question of estoppel by the fact that they had no opportunity to plead it.

(3) Upon the question of estoppel, the mere fact that the bill of sale recited the existence of this invalid chattel mortgage does not estop the defendants from questioning its validity. If there was an estoppel, it arose out of the fact that the evidence established without controversy that the defendants deducted the $4,000 secured by the chattel mortgage from the agreed purchase price of the property when they purchased under a bill of sale which recited that the title to the property was free and clear of "all incum-

brances except this chattel mortgage of $4,000. Defendant Peter Riesenecker testified that the defendants paid $4,000 less to the owner of the property than they would have paid if this mortgage had not been upon the property.

"By a long line of cases it has been held that a subsequent purchaser who expressly assumes and agrees to pay a prior and existing mortgage upon property which he buys . . . is estopped to defend against such mortgage either upon the ground of usury or on the ground of failure or want of consideration or upon any other ground." *Karlen v. Trickel,* 189 Wis. 148, 154, 207 N. W. 273. See, also, cases cited in *Key West Wharf Co. v. Porter,* 63 Fla. 448, 58 South. 599, Ann. Cas. 1914 A, pp. 173, 184.

"A grantee who thus takes a conveyance subject to a mortgage is presumed to have included the mortgage debt in the purchase price, and is not, therefore, permitted to dispute the validity of the mortgage; in this respect he is in the same position as one who expressly assumes the mortgage." 3 Pomeroy, Eq. Jur. (2d ed.) § 1205. The basis of estoppel, whether the mortgage is assumed or the property purchased subject to it, is found in the fact that the purchaser has recognized the mortgage as a valid obligation when he deducted the amount due thereon from the purchase price and that he agreed to pay for the property.

"It is a settled principle of law that a grantee is estopped to deny the validity of any mortgage to which his deed recites that the conveyance to him is subject." *Johnson v. Thompson,* 129 Mass. 398, 400. "Text-writers and courts without dissent seem to accept as the correct rule the doctrine that one who takes a conveyance absolute or conditional reciting that it is second or subordinate to some other mortgage or lien is not the purchaser of the entire thing conveyed thereby, but that he purchases only the surplus or residuum after satisfying the other incumbrances, and

that he is estopped to deny the existence of a prior mortgage or the validity of the lien, although it be not acknowledged, recorded, or filed as required by the statutes." *Nation v. Planters & Mechanics Bank,* 29 Okla. 819, 119 Pac. 977, 978. See, also, *Singer Piano Co. v. Barnard,* 113 Iowa, 664, 83 N. W. 725, 726; *Dodge v. Smith,* 5 Kan. App. 742, 46 Pac. 990, 993.

"Whether such mortgage is valid or otherwise is no concern of the purchaser, for in contemplation of law he only acquires an equity of redemption in the property conveyed to him—that is to say, a right to discharge the mortgage debt,—and it would be a breach of good faith, having purchased this right and nothing more, to deny the validity of the incumbrance, and seek to avoid the payment thereof on that ground." *American Waterworks Co. v. Farmers' L. & T. Co.* 73 Fed. 956, 962. Plaintiffs, having accepted title to the property subject to the lien of the chattel mortgage, are "bound thereby, and cannot now question the validity of that mortgage, any more than the mortgagor could." *First Nat. Bank v. Reid,* 122 Iowa, 280, 98 N. W. 107, 109.

Equitable estoppel usually arises out of the fact that the one asserting the estoppel has been led to change his position because of his reliance upon the acts or conduct of the person sought to be estopped. But "the doctrine of equitable estoppel is frequently applied to transactions in which it is found that it would be unconscionable to permit a person to maintain a position inconsistent with one in which he has acquiesced or of which he has accepted any benefit." 10 Ruling Case Law, p. 694. See, also, 21 Corp. Jur. p. 1135; *Priewe v. Wisconsin S. L. & I. Co.* 103 Wis. 537, 552, 79 N. W. 780.

It would clearly be unconscionable to permit the defendants, who recognized the validity of the chattel mortgage by deducting the amount due on it from the agreed purchase

price, to now assert its invalidity, thereby depriving the plaintiffs of their security for the payment of the $4,000 due them and at the same time placing them in a position where they will either lose their $4,000, or be compelled to collect it as an unsecured debt of the original mortgagors. Again it would be unconscionable to permit defendants to interpose this defense to the chattel mortgage after they induced the makers of this mortgage to accept from the plaintiffs $4,000 less than the agreed purchase price because the makers of the mortgage relied upon its validity and upon the fact that it secured the payment of the debt evidenced by the note given by them. The case is one where equity and good conscience requires the court to hold that the defendants are estopped to assert the invalidity of the chattel mortgage.

(4) The chattel mortgage and the note were executed as part of one transaction. When considered together they leave no doubt as to the debt which was secured by the chattel mortgage.

(5) The chattel mortgage authorized the plaintiffs to take possession of the property mortgaged in case of any default or at any time when they deemed themselves insecure. The fact that a blank in this portion of the chattel mortgage was not filled does not deprive the plaintiffs of the right to proceed under this provision of the chattel mortgage.

*By the Court.*—The mandate filed October 8, 1929, is vacated. The judgment is affirmed.