WRIGHT and another, Respondents, vs. ST. MARY'S HOS-
PITAL OF FRANCISCAN SISTERS, Appellant.*

*December 3—December 30, 1953.*

* Motion for rehearing denied, with $25 costs, on March 2, 1954.

For the appellant there was a brief by *La France, Thompson & Zahn,* attorneys, and *Alfred E. La France* and *William E. Dye* of counsel, all of Racine, and oral argument by *Alfred E. La France.*

For the respondents there was a brief and oral argument by *Henry Dorman* of Racine.

BROADFOOT, J.   Although it is not pleaded in the complaint, it is admitted that the defendant is a charitable organization.  It was because of that fact that the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action was filed.  Although the demurrer was to the whole complaint, the defendant centers its attack upon one paragraph thereof which reads as follows:

"Fifteenth: That said window and window screen is an integral part of the structure of the hospital, and under section 101.06 of the Wisconsin statutes for 1951, said screen should have been so maintained and so repaired as to render the same safe."

The defendant contends that said paragraph does not properly allege a violation of the safe-place statute for the reason that it does not set out facts but states a conclusion of law, which is not admitted by the demurrer.  The defendant brushes aside the balance of the complaint with the statement that all other material allegations therein imply negligence on the part of the hospital or its servants, and that charitable corporations in Wisconsin are not liable for the negligence of their agents and servants, citing several cases to that effect.  That is the general rule, but like most general rules there may be exceptions.  The argument is based upon an apparent misunderstanding of the nature of an action for damages brought because of a violation of the safe-place statute.

The general rule above cited was the law of this state until sec. 101.06, Stats., was enacted. Since the decision in *Wilson v. Evangelical Lutheran Church*, 202 Wis. 111, 230 N. W. 708, it has been the law in Wisconsin that said section applies to religious and charitable corporations. The nature of an action brought for a violation of the statute was stated in *Holzworth v. State*, 238 Wis. 63, 68, 298 N. W. 163, as follows:

"Sec. 101.06, Stats., does not create a cause of action in favor of or against anyone. It lays down a standard of care and if those to whom it applies violate the provisions of the statute, they are guilty of negligence."

Thus the legislature created the first exception to the general rule.

This court, in the case of *Smith v. Congregation of St. Rose*, ante, p. 393, 61 N. W. (2d) 896, holds that religious corporations may be liable under some circumstances for injuries resulting from a nuisance, and that such nuisance may be the result of negligence. Thus a second exception to the general rule will henceforth be recognized in this state.

The word "negligence" contemplates the existence of a duty by one person to another, a violation of that duty, and an injury resulting from that violation. It is a broad term and whether there is negligence depends upon the facts and circumstances in each case. The acts complained of in this case might not constitute negligence if the patient were a normal adult, but the duty here was to a small child. The standards of care to be complied with by the defendant are fixed by statute, which imposes a duty beyond that imposed by common law.

It is contended that the screen mentioned in the complaint was to keep flies and insects out and not to keep patients in the hospital. That is probably true. The ultimate question in this case is whether the defendant should have guarded an

open window in a children's ward in order to render the building safe. If it should have and chose to perform its duty by means of a screen only, was the same adequate?

With the foregoing in mind, it is clear that the complaint as a whole states a good cause of action. Sec. 263.03, Stats., provides as follows:

"The complaint shall contain:
"(1) . . .
"(2) A plain and concise statement of the ultimate facts constituting each cause of action, without unnecessary repetition."

Evidentiary facts need not be pleaded. The purpose of the complaint is to acquaint the adverse party and the court of the cause of action relied upon by the plaintiff. The complaint here alleges that the defendant owed a duty to the plaintiff to maintain its hospital, and particularly its children's ward, in a safe condition; that the defendant violated such duty, which is an act of negligence, and that accordingly the defendant is liable. The complaint as a whole informs the defendant of what it is called upon to meet by alleging specific acts which resulted in injury to the plaintiff and that said acts were negligently performed, in violation of the statute creating the exception to the general rule. Under the liberal interpretation that must be given to a complaint to which has been interposed a general demurrer, the complaint here states a good cause of action.

*By the Court.*—Order affirmed.