Estate of Vicen: Lepp and another, Respondents, vs. Tamer and another, Appellants.

*May 8—June 4, 1957.*

194

For the appellants there was a brief and oral argument by *Martin N. Sussman* of Milwaukee.

For the respondents there was a brief and oral argument by *Burton Lepp* of Kenosha.

STEINLE, J. The respondent law firm, Lepp & Phillips, had rendered legal services for the decedent, Frank Vicen, for a number of years. On November 25, 1952, the decedent, through his agent, Helen Tunkieicz, inclosed a money order for $10 in a letter addressed to Attorney Lepp requesting that the same be applied on Mr. Vicen's account. In the letter the sender stated that Mr. Vicen would "like to have you mail him an itemized statement of his account to my office at the above address so he can check against his receipts." On November 28, 1952, Lepp & Phillips mailed an itemized statement to the decedent showing a balance of $94 due on account. On October 26, 1953, Lepp & Phillips sent another statement to the decedent which read: "Balance due on old fees account, $39." Frank Vicen died on May 19, 1954, and Lepp & Phillips filed a claim against his estate for $234 representing the balance due on account. At the hearing Attorney Lepp testified that the statements sent to Vicen on November 28, 1952, and October 26, 1953, were incorrect in that they did not reflect charges for services indicated in the law firm's ledger under dates of March 11, 1948, and April 13, 1948, in total sum of $150. The trial court determined that all of the professional services shown in the respondents' claim had been performed; that the same were reasonably of the value as claimed; and that the billings

in 1952 and 1953 (as heretofore indicated) were erroneous. From receipts presented by the administrators at the hearing, the court found that Vicen had paid $30 more on account than was indicated in the statement accompanying the claim. The court determined that "the account with its showing of services rendered at various times and payments made over a period of years is a mutual and open account as contemplated by sec. 330.25 of the Wisconsin statutes, and that the six-year statute (limitation) does not apply." The court found that the balance due was $204, and allowed the claim in said amount together with interest at five per cent from May 14, 1953.

Appellants contend that the court erred in determining that the claimant's account was a mutual and open account current; that all items which accrued six years before the filing of the claim on December 9, 1954, are barred by sec. 330.19 (3), Stats. (six-year limitation statute); that there was an account stated between decedent and claimants; that mistake as between the parties was not established by clear and positive proof; that the claimants are barred by laches from impeaching the account stated.

A mutual account arises where there are mutual dealings, and the account is allowed to run with a view of an ultimate adjustment by a settlement and payment of the balance. 1 Am. Jur., Accounts and Accounting, p. 266, sec. 4. Mutual accounts are made up of matters of setoff. There must be a mutual credit founded on an express or implied agreement for a setoff of mutual debts. Ibid. A mutual and open account current is an account wherein are set down by express or implied agreement by the parties concerned a connected series of debit and credit entries of reciprocal charges and allowances, where the parties intend that the individual items of the account shall not be considered independently, but as a continuation of a related series, and that the account shall be kept open and subject to a shifting balance as additional

related entries of debits and credits are made thereto, until it shall suit the convenience of either party to settle and close the account; and where, pursuant to the original express or implied intention, there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits. *Spencer v. Sowers* (1925), 118 Kan. 259, 234 Pac. 972. Mere money payment upon an account does not make the account a mutual and open account current. In an annotation at 1 A. L. R. 1068, the author points out that:

"According to the weight of authority, the mere payment of money upon an account does not have the effect to render the account mutual, but operates simply as a reduction *pro tanto* of the claim. As said in *Green v. Disbrow* (1879), 79 N. Y. 1, 35 Am. Rep. 496, 'The payments do not, in such case, enter into the account. They are at once applied and reduce the account.' "

Sec. 330.25, Stats., provides:

"In actions brought to recover the balance due upon a mutual and open account current the cause of action shall be deemed to have accrued at the time of the last item proved in such account."

In *Hannan v. Engelmann* (1880), 49 Wis. 278, 282, 283, 5 N. W. 791, it was said:

"Says Mr. Angell, in his work on Limitations: 'The rule that items within six years draw after them other items beyond that period, is by all the cases strictly confined to mutual accounts, or accounts between two parties which show a reciprocity of dealing.' Section 148. Again he says: 'Mutual accounts are made up of matters of *setoff*. There must be a mutual credit, founded on a subsisting debt on the other side, or an express or an implied agreement for a setoff of mutual debts.' "

See also *Estate of Reinke* (1946), 249 Wis. 19, 23 N. W. (2d) 470.

Since in the matter at bar the account was merely one that involved charges for professional services for which money payments were made from time to time, and did not involve a situation where each party had an account against the other, we are obliged to determine that a mutual and open account did not exist as between them, and that the statute of limitation did not begin to run from the date of the last payment.

We next consider whether there was an account stated between decedent and claimants as of November 28, 1952. An account stated is an agreement between debtor and creditor that the items of the transaction between them are correctly stated in a statement rendered, that the balance shown is owing by the one party to the other, and that the one promises to pay that balance to the other. *Wussow v. Badger State Bank* (1931), 204 Wis. 467, 476, 234 N. W. 720, 236 N. W. 687.

If one party holds an account against the other, and a statement of the same is made showing the amount due on a particular day, and the statement is admitted by the other party to be correct, and there is a promise, either actual or implied, to pay the same, it amounts to an account stated between the parties. 1 Am. Jur., Accounts and Accounting, p. 275, sec. 19. An account stated presupposes an absolute acknowledgement or admission of a certain sum due, or an adjustment of accounts between the parties, the striking of a balance, and an assent, express or implied, to the correctness of the balance. 1 Am. Jur., Accounts and Accounting, p. 277, sec. 23. Account stated may arise where a debtor makes part payment of an account, or accompanies part payment with an agreement to pay the balance. 1 C. J. S., Account Stated, p. 712, sec. 32a (2). The promise to pay the balance may be express or implied from the conduct of the parties. 1 C. J. S., Account Stated, p. 713, sec. 34b (1).

The consideration for the promise to pay the balance on an account stated may be the original transaction between the parties. 1 C. J. S., Account Stated, p. 714, sec. 34c (2). An attorney and client may state an account for compensation for services. 1 C. J. S., Account Stated, p. 697, sec. 6; 1 Am. Jur., Accounts and Accounting, p. 273, sec. 17.

We are obliged to determine that there was an account stated between the decedent and the claimants. The letter from the decedent's agent to the claimants indicates that the decedent was desirous of striking a balance of his account with the claimants. By not challenging the statement as furnished to him by the claimants, and by making payments thereon, the decedent acknowledged the amount as stated. The promise to pay was clearly implied from decedent's conduct. By complying with the decedent's demand for the statement of the account, the claimants joined in the arrangement for an account stated. The parties thus were bound by the legal consequences arising from such arrangement.

Accounts stated may be impeached for mistake, and may be opened for error arising therefrom. 1 C. J. S., Account Stated, p. 728, sec. 48. However, a party seeking to attack an account stated may be barred by laches. As lapse of time necessarily obscures the truth and destroys the evidence of past transactions, prompt action is necessary to set aside an amount settled, and after a long delay, the parties will not generally be allowed to open an account. This rule is especially applicable when some of the parties to the account have died. 1 C. J. S., Account Stated, p. 731, sec. 51e (1).

The trial court inferentially decided that the errors in the statements on November 28, 1952, and October 26, 1953, resulted from mistake on the part of the claimants. Were the finding of mistake to be sustained, nevertheless, because of the failure of the claimants under the circumstances to have discovered and asserted the mistake before seventeen and one-half months had elapsed after the account had been

stated, and because of the failure to have asserted the mistake before the death of the decedent, the claimants must be held to have been barred by laches from entitlement to have the amount changed so that it would compare with the court's finding. From the evidence it appears that the respondents' ledger sheet showed a balance of $49 due from Vicen on March 25, 1953. The sum of $10 was paid on account by Vicen on May 14, 1953. The amount due on the account therefore, exclusive of the item which the trial court permitted over objection of the administrators, was $39. That sum corresponds with the amount due as shown by Vicen's records.

We are obliged to conclude that the trial court erred in its determination that a mutual and open account current existed, and also that it erred in allowing the account of the claimants over and above the sum of $39.

*By the Court.*—Order reversed, with directions to vacate the order allowing the claim in the sum of $204 and interest, and with further directions to enter an order allowing the claim in the sum of $39 together with interest at five per cent from October 26, 1953. Costs of this appeal are allowed to the appellants.