FIRST CREDIT CORPORATION, Respondent, v. MYRICKS, Appellant. [Case No. 62.]

FIRST CREDIT CORPORATION, Respondent, v. HOWARD, Appellant. [Case No. 166.]

*Nos. 62 & 166. Argued December 2, 1968.—Decided December 20, 1968.*

(Also reported in 163 N. W. 2d 1.)

For the appellants there were briefs and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there were briefs by *Bass, Goldstein & Moglowsky,* and *Bernard Goldstein, Gerald L. Bass,* and *Arthur M. Moglowsky,* all of Milwaukee, and oral argument by *Bernard Goldstein.*

CONNOR T. HANSEN, J. The record does not disclose that the defendants have been discharged in bankruptcy. However, the plaintiff in its briefs and the defendants

in oral argument both allude to such fact. Debts procured by false representations are not discharged in bankruptcy. Section 17 (a) of the Bankruptcy Act, 11 USCA, sec. 35 (a) (2);[1] *Household Finance Corp. v. Christian* (1959), 8 Wis. 2d 53, 54, 98 N. W. 2d 390.

The appellants contend that the complaints of the plaintiff do not state the amount of each defendant's undisclosed indebtedness and that the allegations contained therein are legal conclusions and do not set forth facts sufficient to state a cause of action.

The complaint in each action is prepared on a printed form and each is identical except as to insertions in blank spaces on the forms. The relevant portions of the complaints are as follows (the blanks filled in for defendant Howard are in parenthesis):

"4. That said promissory note is a liability for obtaining money and property by false pretenses and representations. That plaintiff made said loan in reliance and belief on the truth of material representations of fact made by the defendant, including a representation that, at the time of borrowing, defendant had no other debts than those aggregating $2,932.00. ($654.00.)

"5. That said representations by the defendant were in a financial statement, exhibited and submitted to the plaintiff for the purpose of inducing said loan. That said representations were false and fraudulent, in that defendant was then indebted in an amount in excess of $2,932.00. ($654.00.)

---

[1] Section 17 (a) reads:

"**Debts not affected by a discharge:**

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit, or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, . . ."

"6. That said financial statement included a representation that it was a complete list of all of defendant's indebtednesses, and that the defendant further represented therein that 'we have no other bills.' (we have no other debts.)

"7. That the defendant made such false financial statement with the intent to defraud the plaintiff.

"8. That the plaintiff's agents, in reliance upon the truth of said financial statement, did make the aforesaid loan.

"9. That there is due and owing the plaintiff, the sum of $1,200.00 ($1,613.88), plus legal interest, costs and disbursements."

The elements of fraud are stated in *International Milling Co. v. Priem* (1923), 179 Wis. 622, 624, 192 N. W. 68, as follows:

"To be actionable the false representation must consist, first, of a statement of fact which is untrue; second, that it was made with intent to defraud and for the purpose of inducing the other party to act upon it; third, that he did in fact rely on it and was induced thereby to act, to his injury or damage." *See also Larson v. Splett* (1954), 267 Wis. 473, 475, 66 N. W. 2d 181; *Household Finance Corp., supra,* at page 55.

An examination of the respective complaints reflects that each of these three requisites has been met.

1. The complaints alleged that each defendant represented that he had no other debts than those aggregating the amount stated, that each represented he had no other debts, and that such statements were untrue.

2. Paragraph 7 of each complaint clearly alleges that such false financial statements were made with the intent to defraud the plaintiff.

3. Paragraph 8 of each complaint alleges that the plaintiff, in reliance upon the truth of the financial statements, did make the loans to the respective defendants.

It is not necessary that the complaints allege the exact amount by which the defendants' debts exceeded those

disclosed in their financial statements. The plaintiff is only required to plead ultimate facts. Sec. 263.03(2), Stats.

"Evidentiary facts need not be pleaded. The purpose of the complaint is to acquaint the adverse party and the court of the cause of action relied upon by the plaintiff." *Wright v. St. Mary's Hospital of Franciscan Sisters* (1953), 265 Wis. 502, 506, 61 N. W. 2d 900.

The amount of the alleged nondisclosures is evidence; the materiality thereof is part of the plaintiff's burden of proof at trial.

Defendants also contend that the complaints must allege that the statements of financial condition submitted by them were made with knowledge that the statements did not set forth defendants' full indebtedness. We see no basis for this position. Under the rule of this state, a person is bound to know that the representations made by him to induce another to enter into a contract are true. *Pollack v. Reserve Life Ins. Co.* (1962), 15 Wis. 2d 336, 341, 112 N. W. 2d 907.

Finally, the defendants urge that the damages paragraph, paragraph 9 of the complaints, does not allege "from whom" or "for what reason" the sums are due plaintiff; and that, therefore, the plaintiff has failed to plead the proximate causal connection between the alleged fraudulently induced act and the damages sustained by the plaintiff.

The contrary is true. The connection between the alleged acts of misrepresentation by the defendants and the loss sustained by the plaintiff has been pleaded.

The pleadings set forth that the defendants made statements which were untrue; that the statements were made with intent to defraud and for the purpose of inducing the plaintiff to act upon them; and that the plaintiff did in fact rely on them and was induced thereby to act, to its damage, in the amount set forth in the respective complaints.

The trial courts properly overruled the demurrers of the defendants.

*By the Court.*—Orders affirmed.