POESKE, Appellant, v. ESTREEN, Respondent.

*No. 90. Argued June 5, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 625.)

240

For the appellant there was a brief and oral argument by *Larry W. Rader* of Wausau.

For the respondent there was a brief by *William E. Kaplan* of Wausau, attorney, and *Aaron E. Goodstein* of Milwaukee of counsel, and oral argument by *Mr. Goodstein*.

ROBERT W. HANSEN, J. The trial court stated and the record overwhelmingly supports the finding that ". . . Mr. Poeske has the money coming to him and that Mr. Estreen owes it. . . ." So the sole question on appeal is the applicability of the statute of limitations [1] and its availability as a defense on this record and under these circumstances.

Judgment here was entered on the pleadings as a matter of law. In granting defendant's motion to dismiss the complaint, viewing it as a motion for judgment on the pleadings, the trial court relied upon a claimed stipulation between the parties that the action was for

---

[1] Sec. 893.19 (3), Stats.

an "account stated" rather than for a "mutual and open account." There are several things wrong with the route traveled and the result reached.

*The record does not establish a stipulation between the parties.* The plaintiff denies that a stipulation was entered into as to the nature of the account or claim. The record shows only this exchange:

> *"The Court:* I believe there was one stipulation you gentlemen were willing to make here before we start, isn't there?
>
> *"Mr. Kaplan* [defense counsel]: May I, Your Honor, please confer with my client? May I have a few words?
>
> *"The Court:* Surely."

But the record stated no stipulation was entered. The defendant counters that his opening statement was interrupted by plaintiff's counsel who said, ". . . Just a second, it may save us some time. We'll state this is an 'account stated'. . . ." However, the record shows this statement to be made by defense counsel, not plaintiff's counsel. The record may be in error, but, if so, it must be corrected before a court ruling can properly be rested upon the record.[2]

*The stipulation, if one there was, would not support a judgment entered "on the pleadings."* The defendant's motion was ". . . for dismissal of the complaint based on the pleadings as a matter of law. . . ." Evidence, stipulations during trial, or matters outside of the pleadings and not incorporated therein were not to be considered in ruling on the motion. Questions of fact are not to be resolved on such motion, nor is the court to consider "admissions or statements of a party or his

---

[2] Sec. 269.46 (2), Stats., provides no stipulation ". . . shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

counsel." [3] The complaint asserts the account to be an "open account," and "on the pleadings" it could not be found to be anything but that.

*Absent a stipulation, the issue is raised by the pleadings as to whether the plaintiff's claim is based on an "account stated" or a "mutual and open account."* For a discussion of the distinction between the two, see the *Estate of Vicen Case.*[4] If the mutual dealings of the parties here, as the complaint suggests, established a mutual and open account, the six-year statute of limitations would commence to run on December 14, 1967, the date of the last credit or payment. The action was started within one year of that date, so the affirmative defense of the statute barring recovery would not be applicable. If the dealings over the years ended in an account stated, as defendant contends and the trial court found a stipulation established, it could be argued that the statute commenced to run when the last work was performed in October, 1959. However, this would require establishing that as of a certain date there was a statement admitted to be correct and a promise to pay the same.[5] Additionally, it would require negativing that subsequent acknowledgments or new promises were not made that would permit a new cause of action on such new promises.[6] On this record, no more can be said than that, if this were held following trial, to have been a stated account, it is arguable that the statute of limitations might bar recovery. We do not return the case for trial on such issue because, as we see it, on this

[3] 71 C. J. S., *Pleading*, p. 1037, sec. 508 (2) bb, stating on challenges to pleadings the court shall not ". . . give consideration to extrinsic evidence or matters outside of the pleading or pleadings and not incorporated or made part thereof, such as the admissions or statements of a party or his counsel, or affidavits."

[4] (1957), 1 Wis. 2d 193, 198, 83 N. W. 2d 664.

[5] *Id.* at page 199.

[6] *See:* 1 Am. Jur. 2d, *Accounts and Accounting*, p. 414, sec. 39.

record the defense of the statute of limitations having run is not available to this defendant whether this is an open or stated account.

*On this record, the defendant is held to be equitably estopped from asserting the affirmative defense of the statute of limitations having run.* The present rule in this state as to when a litigant is estopped from relying on the statute of limitations is as follows:

"[The test is] whether the conduct and representations of appellant were so *unfair and misleading* as to outbalance the public's interest in setting a limitation on bringing actions. . . ."[7]   (Emphasis supplied.)

Under the totality of circumstances established by this record, the compelled conclusion is that the conduct of the defendant was both unfair and misleading. One begins with the many years during which the plaintiff painter-paperhanger not only did the work but bought the materials required for refurbishing and keeping presentable various properties owned by the defendant, a member of the legal profession. When a job needed doing, the defendant lawyer called on the painter-plaintiff and it was done. No disputes as to quality of workmanship or reasonableness of charges arose. Everything went smoothly except that the painter did not get paid, at least not fully. What he did get was promises to pay, and reassurances that he would never lose by his investment of time and materials and his own money in work for the defendant.

It is undisputed that defendant made repeated promises to pay.

". . . He said, Bill, never mind, you don't have to worry. You're never going to lose a dollar on me. He says, after I get on my feet a little better, I am going to sell one of these buildings and then I am going to pay you up in full. . . ."

---

[7] *State ex rel. Susedik v. Knutson* (1971), 52 Wis. 2d 593, 598, 191 N. W. 2d 23.

When the defendant made his last payment for work done, the $50 payment on December 14, 1967, the plaintiff testified, and it was not controverted, that:

"[I recall that payment] because I had to go to him on that payment. I went down to his place and got it. I said, now, Dan, you have got to go and start to make payments. Well, Bill, I have got to make payments right along, but don't worry about me because—We never had a fight—I'm going to sell a building and I am going to pay you every dollar I owe you and I give him a couple of times the whole statements, what he owed me, but I would be back. . . ."

There is not to be one standard of accountability for attorneys, and another for laymen. However, the workman worthy of hire was entitled to believe that the attorney for whom he worked long and well was not combining such assurances and partial payments up to 1967 to let a statute of limitations pass by. Whatever was in fact intended, the conduct of the defendant must be found to be both unfair and misleading on the issue of whether the defendant is now entitled to plead the statute of limitations as a bar to plaintiff's recovery.

Ordinarily, estoppel is to be specifically pleaded.[8] So it might be argued that plaintiff should have filed a reply to defendant's affirmative defense of the limitations statute barring recovery. However, in this state a reply is not permitted to an answer where it includes no counterclaim or seeking of affirmative relief. (Sec. 263.20, Stats.) Therefore, it was neither possible nor necessary for the plaintiff to plead the defense of equitable estoppel in a reply.[9]

---

[8] 31 C. J. S., *Estoppel*, p. 744, sec. 153 (1).

[9] *Id.* at page 753, sec. 153 (3) (b). *See also: Baierl v. Riesenecker* (1930), 201 Wis. 454, 459, 227 N. W. 9, 230 N. W. 605. ". . . The Code gave the plaintiffs no right to plead estoppel in reply to the defensive portions of the answer. They were therefore not precluded from raising this question of estoppel by the fact that they had no opportunity to plead it."

Thought was given to the result of reversal and remand for a new trial. However, where the record of trial proceedings clearly establishes that the plaintiff did do the work and furnish the materials as set forth in the bill of particulars, with the statute of limitations out of the picture, we see no reason on the basis of the testimony, unchallenged and unrebutted, for not ordering judgment entered for and on behalf of the plaintiff in the amount of $6,588.14, with interest at the legal rate of 5 percent (sec. 138.04, Stats.) from October 1, 1959.

Equitable considerations involved in this case need not end with estoppel. The plaintiff is eighty-four years old, and he has waited a long time to be paid for the work that he did and the materials he furnished. After all, it was the defendant who assured him that "You're never going to lose a dollar on me." We see no reason for requiring the plaintiff to prove again what he proved at the trial—that, as the trial court put it—"Mr. Poeske has the money coming to him and that Mr. Estreen owes it."

*By the Court.*—Judgment and order reversed and cause remanded with directions to the trial court to enter judgment for the plaintiff in the amount of $6,588.14, plus interest at the legal rate of 5 percent from October 1, 1959, to date of said judgment.